**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

SHAWN BARRON,            :
                       :    Civil Action No. 10-4504 (NLH)
         Plaintiff,   :
                       :
         v.           :    **OPINION**
                       :
MCGILL, et al.,         :
                       :
         Defendants.  :

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Shawn Barron
#42638
Cape May County Correctional Center
4 Moore Rd.
Cape May Courthouse, NJ 08210

**HILLMAN**, District Judge

     Plaintiff Shawn Barron, currently detained at Cape May County Correctional Facility in Cape May Courthouse, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review. Plaintiff provides very limited facts in his Complaint.  He alleges that he contracted scabies and that unnamed officers revealed that medical condition to "everyone" leading to his assault by another inmate.  He claims that Defendant Corrections Officer McGill, in charge of the unit where he was housed, was instructed to remove him from the holding unit after being informed of "the situation" - which we presume to be the medical condition - by the doctor.  He does not allege any facts to suggest that McGill or anyone else at the prison knew he was in danger of being attacked or that he was removed from the unit for any reason other than the medical condition and resulting altercation.  Furthermore, other than a bare conclusory allegation, Plaintiff does not allege any facts to indicate that he was attacked because of being infected with scabies or even who the assailant was.  Plaintiff was held in segregation for thirteen days after the altercation.  In addition to Officer

2

McGill, Plaintiff also names as a defendant Sgt. Spikes who he
alleges was the sergeant on duty the day of the assault and
responsible for the segregation order.  He seeks relief in the
form of compensation for pain and suffering.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time,
certain in forma pauperis and prisoner actions that are
frivolous, malicious, fail to state a claim, or seek monetary
relief from a defendant who is immune from such relief.  See 28
U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C.
§ 1915A (actions in which prisoner seeks redress from a
governmental defendant); 42 U.S.C. § 1997e (prisoner actions
brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the
Court must be mindful to construe it liberally in favor of the
plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United
States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must
"accept as true all of the allegations in the complaint and all
reasonable inferences that can be drawn therefrom, and view them
in the light most favorable to the plaintiff."  Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

In addition, any complaint must comply with the pleading
requirements of the Federal Rules of Civil Procedure.  Rule
8(a)(2) requires that a complaint contain "a short and plain

3

statement of the claim showing that the pleader is entitled to relief."  A complaint must plead facts sufficient at least to "suggest" a basis for liability.  Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted).

The Supreme Court then applied these general standards to a Sherman Act conspiracy claim.

> In applying these general standards to a § 1 [conspiracy] claim, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made.  Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement.  And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely." ...  It makes sense to say, therefore, that an allegation of parallel conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel conduct does

4

not suggest conspiracy, and a conclusory allegation of
agreement at some unidentified point does not supply
facts adequate to show illegality.  Hence, when
allegations of parallel conduct are set out in order to
make a § 1 claim, they must be placed in a context that
raises a suggestion of a preceding agreement, not
merely parallel conduct that could just as well be
independent action.

        The need at the pleading stage for allegations
plausibly suggesting (not merely consistent with)
agreement reflects the threshold requirement of Rule
8(a)(2) that the "plain statement" possess enough heft
to "sho[w] that the pleader is entitled to relief."  A
statement of parallel conduct, even conduct consciously
undertaken, needs some setting suggesting the agreement
necessary to make out a § 1 claim; without that further
circumstance pointing toward a meeting of the minds, an
account of a defendant's commercial efforts stays in
neutral territory. ...

Twombly, 127 S.Ct. at 1965-66 (citations and footnotes omitted).

    The Court of Appeals for the Third Circuit has held, in the

context of a § 1983 civil rights action, that the Twombly

pleading standard applies outside the § 1 antitrust context in

which it was decided.  See Phillips v. County of Allegheny, 515

F.3d 224, 234 (3d Cir. 2008) ("we decline at this point to read

Twombly so narrowly as to limit its holding on plausibility to

the antitrust context").  In applying Twombly the court said:

        Context matters in notice pleading.  Fair notice under
        Rule 8(a)(2) depends on the type of case -- some
        complaints will require at least some factual
        allegations to make out a "showing that the pleader is
        entitled to relief, in order to give the defendant fair
        notice of what the ... claim is and the grounds upon
        which it rests."  Indeed, taking Twombly and the
        Court's contemporaneous opinion in Erickson v. Pardus,
        127 S.Ct. 2197 (2007), together, we understand the
        Court to instruct that a situation may arise where, at
        some point, the factual detail in a complaint is so

5

undeveloped that it does not provide a defendant the
type of notice of claim which is contemplated by
Rule 8.  Put another way, in light of Twombly, Rule
8(a)(2) requires a "showing" rather than a blanket
assertion of an entitlement to relief.  We caution that
without some factual allegation in the complaint, a
claimant cannot satisfy the requirement that he or she
provide not only "fair notice," but also the "grounds"
on which the claim rests.

Phillips, 515 F.3d at 232 (citations omitted).

More recently, the Supreme Court has emphasized that, when

assessing the sufficiency of any civil complaint, a court must

distinguish factual contentions -- which allege behavior on the

part of the defendant that, if true, would satisfy one or more

elements of the claim asserted -- and "[t]hreadbare recitals of

the elements of a cause of action, supported by mere conclusory

statements."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Although the Court must assume the veracity of the facts asserted

in the complaint, it is "not bound to accept as true a legal

conclusion couched as a factual allegation."  Id. at 1950.  Thus,

"a court considering a motion to dismiss can choose to begin by

identifying pleadings that, because they are no more than

conclusions, are not entitled to the assumption of truth."  Id.

Therefore, after Iqbal, when presented with a
motion to dismiss for failure to state a claim,
district courts should conduct a two-part analysis.
First, the factual and legal elements of a claim should
be separated.  The District Court must accept all of
the complaint's well-pleaded facts as true, but may
disregard any legal conclusions.  Second, a District
Court must then determine whether the facts alleged in
the complaint are sufficient to show that the plaintiff
has a "plausible claim for relief."  In other words, a

6

complaint must do more than allege the plaintiff's
entitlement to relief.  A complaint has to "show" such
an entitlement with its facts.  <u>See</u> <u>Phillips</u>, 515 F.3d
at 234-35.  As the Supreme Court instructed in <u>Iqbal</u>,
"[w]here the well-pleaded facts do not permit the court
to infer more than the mere possibility of misconduct,
the complaint has alleged-but it has not
'show[n]'-'that the pleader is entitled to relief.'"
This "plausibility" determination will be "a
context-specific task that requires the reviewing court
to draw on its judicial experience and common sense."

<u>Fowler v. UPMC Shadyside</u>, 2009 WL 2501662, 5 (3d Cir. August 18,

2009) (citations omitted).[1]

### III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C.

§ 1983 for certain violations of his constitutional rights.

Section 1983 provides in relevant part:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage, of any State
> or Territory ... subjects, or causes to be subjected,
> any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other
> proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

allege, first, the violation of a right secured by the

---

[1] In a similar vein, Rule 10(b) of the Federal Rules of
Civil Procedure provides:

> A party must state its claims ... in numbered
> paragraphs, each limited as far as practicable to a
> single set of circumstances.  ...  If doing so would
> promote clarity, each claim founded on a separate
> transaction or occurrence ... must be stated in a
> separate count or defense.

Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

Plaintiff's allegations suggest that he was not beaten by any of the named Defendants by rather by another inmate, allegedly because he had contracted scabies.  The Court construes Plaintiff's allegations as an attempt to state a failure-to-protect claim.

As a pre-trial detainee, Plaintiff is protected by the Due Process Clause of the Fourteenth Amendment.  Reynolds v. Wagner, 128 F.3d 166, 173 (3d Cir. 1997) (Due Process clause of the Fourteenth Amendment provides protections for pre-trial detainees similar to those protections afforded to sentenced prisoners); see also Bell v. Wolfish, 441 U.S. 520, 544 (1979). The Eighth Amendment sets forth the minimum standard by which claims of pre-trial detainees rights should be evaluated.  See Bell, 441 U.S. at 544 ("pretrial detainees, who have not been convicted of any crimes, retain at least those constitutional rights that we have held are enjoyed by convicted prisoners").

The Eighth Amendment, applicable to the individual states through the Fourteenth Amendment, prohibits the states from

8

inflicting "cruel and unusual punishments" on those convicted of crimes. Rhodes v. Chapman, 452 U.S. 337, 344-46 (1981). Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (1994) (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

To successfully state a claim for violation of the Eighth Amendment, an inmate must satisfy both the objective and subjective components of such a claim. The inmate must allege a deprivation which was "sufficiently serious," and that in their actions or omissions, prison officials exhibited "deliberate indifference" to the inmate's health or safety. See Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S. 294, 305 (1991); Nami v. Fauver, 82 F.3d 63, 67 (3d Cir. 1996).

In the context of a failure-to-protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm," Farmer, 511 U.S. at 833, and that prison officials knew of and disregarded the excessive risk to

inmate safety, Id. at 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  "Whether ... prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that ... prison official[s] knew of a substantial risk from the very fact that the risk was obvious."  Farmer, 511 U.S. at 842. Deliberate indifference is more than a mere lack of ordinary due care, however; it is a state of mind equivalent to a reckless disregard of a known risk of harm.  Farmer, 511 U.S. at 834.

Applying Farmer to the instant action, the first question is whether Plaintiff has alleged facts showing that inmates, or Plaintiff in particular, faced a substantial risk of assault. The second question is whether Plaintiff has alleged facts from which it could be inferred that defendants were aware of and disregarded that risk.

The Complaint is deficient with respect to both elements. Plaintiff does not allege any facts showing that he faced a substantial risk of assault from other inmates.  While he states that Defendant McGill was made aware of Plaintiff's medical condition by the doctor, there are no facts present to show that

10

Defendants were aware of any risk of assault on Plaintiff.  The facts that (1) Defendants knew that Plaintiff had scabies and (2) they were on duty the day that he was allegedly assaulted does not amount to a claim for failure to protect.  As such, the Complaint shall be dismissed for failure to state a claim.

V.   <u>CONCLUSION</u>

The Complaint shall be dismissed without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e, for failure to state a claim.[2]  Because it is conceivable that Plaintiff could file an amended complaint sufficient to overcome the deficiencies noted herein, he will be granted leave to move to reopen.  Any such motion must be accompanied by a proposed amended complaint.

An appropriate order follows.


At Camden, New Jersey               /s/ Noel L. Hillman
                                    Noel L. Hillman
                                    United States District Judge
Dated: August 8, 2011

---

[2] The Court notes that "'[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' ...  The dispositive inquiry is whether the district court's order finally resolved the case." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257-58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted).  In this case, if Plaintiff can correct the deficiencies of his Complaint, he may file a motion to re-open in accordance with the court rules.